UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00052-GNS-HBB

JULIE FRANKLIN                                                                                          PLAINTIFF

v.

CAROLYN W. COLVIN, Acting
   Commissioner of Social Security                                                     DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (Findings of Fact, Conclusions of Law, and Recommendation, DN 16 [hereinafter R&R]), and the objections thereto by Plaintiff Julie Franklin ("Franklin") (Pl.'s Exceptions to the Findings of Fact, Conclusions of Law, and Recommendation, DN 17 [hereinafter Pl.'s Objs.]). For the reasons stated below, the Court hereby **OVERRULES** Franklin's objections and **ADOPTS** the Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Brennenstuhl in full.

### I.    STATEMENT OF FACTS AND CLAIMS

On April 30, 2012, Franklin filed her third application for disability insurance benefits and supplemental security income. (R. 205). Following denial of benefits both initially and on reconsideration, Administrative Law Judge Robert B. Bowling ("ALJ") held a hearing on July 16, 2013, regarding Franklin's most recent application. (R. 219-251). Of relevance to the Magistrate Judge's recommendation is that Franklin underwent a Physical Capacities Evaluation on November 6, 2012, performed by Dr. Martha Seeley. (R. 677-78). Dr. Seeley concluded that

Franklin is "disabled to perform any gainful employment" and that Franklin's condition is "likely to persist 60 [months] or longer." (R. 678).

The ALJ denied Franklin's application by decision dated August 30, 2013. (R. 214). The ALJ found that Franklin had two severe impairments: disorders of the spine and anxiety. (R. 207-08). He found, however, that Franklin did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 208-09). The Appeals Council denied review of the ALJ's decision. (R. 1-5).

On April 17, 2015, Franklin filed her Complaint with this Court. (Compl., DN 1). Following the filing of the administrative record and fact and law summaries from each party (Pl.'s Fact & Law Summ., DN 13; Pl.'s Mem. in Supp. of Compl., DN 14; Def.'s Fact & Law Summ., DN 15), Magistrate Judge Brennenstuhl submitted his R&R. (R&R). In the R&R, the Magistrate Judge found that Franklin offered "no real analysis" to her assertion that "the ALJ's determination that [Franklin] does not have a serious mental impairment is not supported by substantial evidence," and thus found that argument had been waived. (R. 10-11). Magistrate Judge Brennenstuhl recommends that this matter be remanded to the ALJ and that the Court order the ALJ to "reevaluate the opinion of Dr. Seeley, indicate the weight assigned to her opinion with explanation, reevaluate and address Franklin's RFC if necessary based upon those reevaluations, and redetermine any other impacted steps in the sequential analysis," and to apply *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), "to his decision to determine whether *res judicata* binds him to the prior Administrative Law Judges' determinations." (R&R 16). On October 27, 2015, Franklin filed her objections. (Pl.'s Objs.) This matter is ripe for adjudication.

## II.     JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four.

## III.     STANDARD OF REVIEW

Social security cases may receive different levels of review in federal district courts. The Federal Magistrates Act allows district judges to designate magistrate judges to issue "proposed findings of facts and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). The magistrate judge then files a recommendation, to which each party may object within fourteen days. Those parts of the report to which objections are raised are reviewed by the district judge *de novo*. 28 U.S.C. § 636(b)(1). This differs from the standard applied to the Commissioner of Social Security's decision. That decision, rendered by an ALJ, is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (citations omitted). Where substantial evidence supports the ALJ's decision, a Court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The Court may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. DISCUSSION

Franklin objects to only one portion of Magistrate Judge Brennenstuhl's R&R: that she waived the argument that the ALJ's finding that she did not have a serious mental impairment was not supported by substantial evidence. (Pl.'s Objs.). In her Memorandum in Support of Complaint, Franklin begins her argument by discussing a case, but does not include a citation in support, which effectively means she has cited no case law supporting this claim. (Pl.'s Mem. in Supp. of Compl. 7).

In her objection, Franklin cites to the case that the Court assumes was omitted from her Memorandum in Support, *i.e.*, *Brooks v. Commissioner of Social Security*, 531 F. App'x 636 (6th Cir. 2013). (Pl.'s Objs. 2). Magistrate Judge Brennenstuhl, however, did not have the benefit of this case citation when he formulated his R&R, and this Court is under no obligation, absent compelling reasons, to review new arguments or issues that were not raised before the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Franklin primarily relies, however, on *Robinson v. Commissioner of Social Security*, No. 12-cv-13124, 2014 WL 4145339 (E.D. Mich. Aug. 20, 2014), to support her assertion that she has not waived her argument regarding mental impairment. (Pl.'s Objs. 3). In addition to being non-binding authority, *Robinson* is not persuasive. The magistrate judge in *Robinson* found that he "could find that Robinson . . . waived her arguments regarding the ALJ's assessment of the medical opinion evidence" based on the fact that Robison's motion for summary judgment was "almost entirely . . . a compilation of quotations of black letter case law, with little accompanying analysis or application of that law to the facts of her case." *Robinson*, No. 12-cv-13124, 2014 WL 4145339, at *5-6.

In this case, the opposite is true; in her Memorandum in Support, Franklin briefly summed up a few facts pertinent to her claim of mental impairment. (Pl.'s Mem. in Supp. of Compl. 8). This, coupled with a lack of supporting case citation, is sufficient to conclude that Franklin waived her argument regarding mental impairment as found by Magistrate Judge Brennenstuhl. Accordingly, the Court overrules her objections.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED AND ADJUDICATED** that Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law, and Recommendation (DN 16) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, Julie Franklin's Exceptions to the Findings of Fact, Conclusions of Law, and Recommendation (DN 17) are **OVERRULED**.

This is a final and appealable Memorandum Opinion and Order, and there is no just cause for delay.

**Greg N. Stivers, Judge**
**United States District Court**
December 18, 2015

cc: counsel of record

5